FILED

November 1, 2017

IN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 11:31 AM



**TENNESSEE BUREAU OF WORKERS' COMPENSATION
IN THE COURT OF WORKERS' COMPENSATION CLAIMS
AT NASHVILLE**

| | | |
|---|---|---|
| Richard Bonhama, | ) | Docket No. 2017-06-0598 |
| Employee, | ) | |
| v. | ) | |
| Merryman-Farr, | ) | State File No. 55218-2014 |
| Employer, | ) | |
| And | ) | |
| Travelers, | ) | Judge Kenneth M. Switzer |
| Carrier. | ) | |

---

**EXPEDITED HEARING ORDER
DENYING TEMPORARY DISABILITY BENEFITS**

---

Richard Bonhama filed a Request for Expedited Hearing seeking temporary disability benefits.[1] The Court conducted a hearing on October 31 and holds Mr. Bonhama's refusal to accept Merryman-Farr's offer of light-duty work was unreasonable. Thus, the Court denies his request.

**History of Claim**

Merryman-Farr employed Mr. Bonhama in its pipefitting division. He suffered a left-shoulder injury in July 2014. Merryman-Farr accepted the claim, and Mr. Bonhama chose Dr. Thomas Dovan from a panel. Dr. Dovan performed surgery on May 6, 2015, and restricted Mr. Bonhama to no use of his left arm on May 14.

Mr. Bonhama acknowledged receipt of a certified letter from Merryman-Farr instructing him to return to work on modified duty on May 18. The letter did not describe the specifics of the proposed modified duty. He testified that, at that time, he took hydrocodone, participated in physical therapy three times per week, wore a sling and was unable to drive.

---

[1] Although the Dispute Certification Notice listed medical benefits as an issue, the parties announced at the outset of the hearing that the Court did not need to decide it.

1

On May 19, he telephoned Fil Harris, Merryman-Farr's director of human resources, safety and health. Mr. Bonhama's memory of this conversation was poor; however, he recalled telling Mr. Harris, "I can't even put pants on right now; I can't drive. I mean, I'm not quite sure how I'm going to get to work to do this." Afterward, Mr. Bonhama and Mr. Harris did not communicate further. Mr. Bonhama asserted he lives twenty-six miles from Merryman-Farr. During cross-examination he acknowledged that he drove to physical therapy three miles from his house but his girlfriend drove him to doctor visits. Mr. Bonhama stated he had no intent to abandon his position and if he had transportation, he would have tried to return to work. Merryman-Farr terminated him on June 4 for failure to report to work for fourteen consecutive days. He testified he has not returned to work for any employer since his injury.[2]

Merryman-Farr did not dispute these statements but instead relied on Mr. Harris' testimony describing its policy of putting all injured workers with restrictions back to work at modified duty. He said this allows injured workers to receive their full wages. Mr. Harris testified that he has always been able to accommodate a worker's restrictions. He listed various light-duty tasks that an injured worker can perform with one arm, including assembling educational materials, running the copy machine, answering the phone and taking orders, sweeping and inventorying tools.

Mr. Bonhama requested a ruling that his failure to return to work was reasonable and asked that the Court reserve determining the period for temporary disability benefits.[3]

### Findings of Fact and Conclusions of Law

Mr. Bonhama has the burden of proof on the essential elements of the claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). However, at an expedited hearing, he must only present sufficient evidence from which the Court can determine he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

The Court applies these general principles to the specific issue at hand, Mr. Bonhama's request for temporary partial disability benefits. Temporary partial disability refers to the time, if any, during which the injured employee is able to resume some gainful employment but has not reached maximum recovery. *Mace v. Express Servs.,*

---

[2] Dr. Dovan's July 31, 2015 notes left restrictions in place but also stated, "Overall, he is doing well. He is now working a different job. He is driving a truck but not doing any lifting." Mr. Bonhama introduced no medical records after July 2016.

[3] Mr. Bonhama alleged reaching maximum medical improvement in April 2017 but offered no confirming evidence.

*Inc.*, 2015 TN Wrk. Comp. App. Bd. LEXIS 49, at *8 (Dec. 11, 2015). Thus, the questions are whether Mr. Bonhama was able to return to work within his modified-duty restrictions and if he attempted to make a meaningful return to work. When considering whether an employee made a meaningful return to work, the Tennessee Supreme Court observed:

> There will be a variety of factual situations wherein the courts will be required to construe the meaning of the words [meaningful return to work]. The ultimate resolution of their meaning will be leavened by an assessment of the reasonableness of the employer in attempting to return the employee to work and the reasonableness of the employee in failing to return to work.

*Frye v. Vincent Printing Co.*, 2016 TN Wrk Comp App Bd LEXIS 34, at *17 (Aug. 2, 2016)(Internal citations omitted). Ultimately, "[t]he resolution of what is reasonable must rest upon the facts of each case[.]" *Id.* at *18.

Here, the court finds Merryman-Farr offered to return Mr. Bonhama to modified-duty work within his restrictions. Mr. Harris credibly testified that Merryman-Farr had multiple duties available to him. Mr. Bonhama contended he was unable to drive and had no other means of transportation, was taking pain medication and was physically unable to work. However, Merryman-Farr correctly argued that it had no legal duty to provide Mr. Bonhama with transportation to work, and Mr. Bonhama offered no contrary authority. Moreover, this Court is constrained by the record before it, and Dr. Dovan's only restriction at the time in question was no use of the arm. He did not prohibit driving, and Mr. Bonhama admitted an ability to drive to physical therapy.

Therefore, as a matter of law, Mr. Bonhama has not come forward with sufficient evidence from which this Court concludes he is likely to prevail at a hearing on the merits regarding the reasonableness of his refusal to return to work. His request is denied at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Bonhama's request for past temporary partial disability benefits is denied.

2. This case is set for a Scheduling Hearing on **January 8, 2018, at 9:15 a.m. Central.** You must call 615-532-9552 or toll-free at 866-943-0025 to participate in the Hearing. Failure to call may result in a determination of the issues without your participation.

**ENTERED this the 1st day of November, 2017.**

3

_____
**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:
1. Mr. Bonhama's Declaration
2. Composite Medical records
3. Work Comp Status Sheet
4. Letter offering light-duty
5. Email from Mr. Harris re light duty
6. Separation Notice
7. Wage statement
8. Mr. Harris' email to Travelers

Technical Record:
1. Petition for Benefit Determination
2. Employee's Pre-Mediation Position Statement
3. Employer's Pre-Mediation Position Statement
4. Employee's Position Statement
5. Dispute Certification Notice with additional issues
6. Request for Expedited Hearing
7. Employer's Pre-Hearing Statement
8. Employee's Reply

## CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent to these recipients by the following methods of service on the 1st day of November, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Zachary Wiley, Employee's attorney | | | X | Zwiley@forthepeople.com; rforrest@forthepeople.com |
| Vanessa Hall, Employer/carrier's attorney | | | X | vrhall@travelers.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

5